## NUGEN vs. ROGERS.

### COVENANT, ON A DEED.

**The plaintiff must shew performance, of a condition precedent to his right of recovery.**

THE following is a copy of the deed, viz:—"An article of agreement, made and concluded upon, between J. R. of the one part, and J. H. N. of the other part, witnesseth, that the said N. agrees to cut wood sufficient to keep the lower furnace boiling for twenty-four hours, for the sum of one bushel salt, provided that salt sells at two dollars per bushel. If salt does not sell at two dollars, the said R. agrees to give salt sufficient for to make up the two dollars. The said Nugen further agrees to cut all timber that will split, and to keep the said furnace in wood for the space of eight months, unavoidable accidents excepted. And the said R. agrees, on his part, to give the said N. one bushel salt per day; or, if salt should fall, to give him the worth of two dollars, delivered at the mouth of Big Yellow Creek, in barrels, when the said N. has earned a wagon load. If the said N. does, by his neglect, have the furnace stopped for want of wood, he is to pay damages. In witness," &c.

Plaintiff, in his declaration, averred a performance on his part, and non-payment of the salt by the defendent.

First plea. *Non est factum*, with notice of set-off.

Second plea—in bar, that the plaintiff did not cut sufficient wood to keep said furnace for the space of eight months.

Replication and issue.

GOODENOW, for plaintiff.

WRIGHT, for defendant.

PRESIDENT.—This is a covenant, on the part of the plaintiff, to cut sufficient wood to keep the defendant's furnace boiling eight

COLUMBIANA. months; and, on the part of the defendant, to pay in salt,
June, 1816. at the rate of two dollars per day for the wood. The
Williams plaintiff brings his action, claiming the whole of the salt,
v.
Harbaugh. and averring that he has cut the whole quantity of wood.
That the cutting the wood is a condition precedent, is very clear; but
although he has not cut the whole quantity, may he not recover, in
this action, for so much as he has cut? I am of opinion that he
cannot. The plaintiff might have cut wood enough to come to a
wagon load of salt, have given the defendant notice, and after a reason-
able time for the delivery had elapsed, have brought suit for the salt
so earned, and so on, *toties quoties*, for the whole. But here he goes
for the whole consideration. It was necessary for him to aver a com-
plete performance on his part, and he must prove it, or he is not
entitled to a verdict.—Verdict for the defendant.